FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

97 MAY 16 AM 9: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **ANNIE B. JACKSON,** | ] |
| Plaintiff(s), | ] |
| vs. | ]   CV-97-N-0019-W |
| **AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, et al.,** | ] |
| Defendant(s). | ] |

ENTERED

MAY 16 1997

**Memorandum of Opinion**

**I.   Introduction**

Annie B. Jackson filed this civil action on December 2, 1996, in the Circuit Court of Greene County against American General Life and Accident Insurance Company, Associated Doctors Health and Life Insurance Company ("Associated"), Life Insurance Company of Georgia ("Life of Georgia"), Associated Doctors Health and Life Insurance Company who merged with Life Insurance Company of Georgia, National Foundation Life Insurance Company, Union Bankers Insurance Company ("Union Bankers"), and Benjamin E. Lloyd. The complaint alleged counts for fraud; fraud in the inducement; deceit and fraudulent deceit; willful, wanton or negligent conduct; breach of contract; negligent or wanton training or failure to exercise supervisory control; and conspiracy and collusion. The action was removed by the defendants on January 3, 1997. The court presently has for consideration the motion to remand filed by the plaintiff on February 3, 1997, and the motions to sever filed by Union Bankers on February 25, 1997 and by Life Insurance

49

Company of Georgia on March 7, 1997. For the reasons stated herein, the motions to sever will be denied, and the motion to remand will be granted.

## II. Allegations of the Complaint

The plaintiff contends that

> [a]t some time prior to January 1, 1990, plaintiff, Annie B. Jackson was solicited by an agent, employee, servant salesman and/or representative of American General Life and Accident Insurance Company . . . . At said meeting, plaintiff Annie B. Jackson was solicited by defendant, American General Life and Accident Insurance Company representative and/or one or more of the fictitious party defendants described hereinabove, to purchase a supplemental insurance policy to her Medicare policy to cover excess claims being policy number 0117858065.

*Complaint* at 2. She contends that an agent of American General contacted her again on March 9, 1992, at which time she purchased an additional supplemental insurance policy to her Medicare policy to cover excess claims. This was policy number 118502736.

The evidence indicates that prior to 1994, Associated was an Alabama Corporation with its principal place of business in Jefferson County, Alabama. *Affidavit of Darryl L. Harris*, at 2. The plaintiff avers that she was contacted by Benjamin E. Lloyd, Jr. on July 1, 1992, acting as "an agent, employee, servant, salesman and/or representative of Associated Doctors Health and Life Insurance Company." *Complaint* at 2. She contends that this defendant, through Mr. Lloyd, solicited her to buy yet another supplemental insurance policy, number 1225172. The evidence also indicates that, in January 1994, Associated merged with Life of Georgia, and Associated ceased to exist as a corporate entity. *Affidavit of Darryl L. Harris*, at 2.

2

The plaintiff purchased another such policy from Union Bankers Insurance Company (#004798028) on August 29, 1994, after she contends she was contacted by that company. Lastly, she contends that, on February 2, 1996, Mr. Lloyd, acting as an agent for National Foundation Life Insurance Company, sold her policy number 02A3070040--the same type policy the other companies had also sold her.

As to all of these defendants, the plaintiff claims that

> by entering into said supplemental policies as referenced above, it was represented to Plaintiff, Annie B. Jackson, by defendants . . . that she would pay certain fees for additional insurance coverage. That the representations and/or concealment by the Defendants were of material facts, were false and known to be false by the Defendants and made pursuant to a fraudulent scheme and designed to defraud the Plaintiff and other innocent victims similarly situated. . . .That said policies of insurance were multiple in that they covered the Plaintiff for the same claims and therefore were unnecessary.

*Id.* at 3. Her complaint alleges counts against all defendants for fraud; fraud in the inducement; deceit and fraudulent deceit; willful, wanton or negligent conduct; breach of contract; negligent or wanton training or failure to exercise supervisory control; and conspiracy and collusion. Defendant American General was dismissed from this action on March 12, 1997. However, the claims against the other defendants remain.

## III.    Discussion

Motions to sever have been filed in this case by Union Bankers and Life of Georgia as successor to Associated. Essentially, they insist that they have been misjoined in this action in an attempt to defeat diversity jurisdiction. When deciding issues of misjoinder,

courts look to the joinder provisions of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Accordingly, the court must first address whether the claims against each defendant arise out of the "same transaction, occurrence, or series of occurrences."

The plaintiff complains of the sale of insurance policies to her by various companies over a ten year period. Each of the transactions at issue appear to be separate and distinct transactions, entered into by the plaintiff and separate insurance companies. In addition, all of the transactions occurred at different times. However, in Count VII the plaintiff specifically alleges:

> Said defendants, Associated Doctors Health and Life Insurance Company, Life Insurance of Georgia, Associated Doctors Health and Life Insurance Company who later merged with Life Insurance Company of Georgia, American General Life and Accident Insurance Company, Union Bankers Insurance Company, National Foundation Life Insurance Company, [and] Benjamin E. Lloyd, Jr. . . . acted in conspiracy and collusion with each other . . . wherein they knew plaintiff had existing supplemental insurance policies to her Medicare thereby constituting a multiplicity of insurance coverage which were [sic] misrepresented to the plaintiff.

*Complaint*, at 16. In her motion to remand, the plaintiff writes that

> [i]n light of the analysis in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1986), but for the conspiracy count, AGLA and Union Bankers would be entitled to remain in this federal forum once the individual claims against each are severed from the existing lawsuit.

4

*Motion to Remand*, at 8. Therefore, the plaintiff principally relies on this conspiracy theory to "link" the defendants together in this action. The key to this link rests on the relationship of Benjamin Lloyd and Billy Kirkendoll to the companies at issue.

The plaintiff has alleged that in addition to working for Union Bankers in the past, Mr. Lloyd solicited two of the policies at issue in this case--the National Foundation policy, and the Associated policy. It is undisputed that defendant Benjamin E. Lloyd has served in the past as General Agent for Union Bankers, however, the defendants contend that he was not a General Agent for Union Bankers at the time the policy was sold to Ms. Jackson. *Original Affidavit of Charles W. Semons*, at 2. In his affidavit, Charles W. Semons, the Vice President and Associate General Counsel of Union Bankers, testified that it was in fact Billy C. Kirkendoll who sold the Union Bankers policy to Ms. Jackson. *Id.* However, in a supplemental affidavit Mr. Semons admitted that, although Mr. Lloyd did not sell the policy to Ms. Jackson, he did receive override commissions referable to Ms. Jackson's policy. *Supplemental Affidavit of Charles W. Semons* at 2.[1] Mr. Lloyd's involvement with the Union Banker's policy, if there was any, came after the complaint alleges he was involved in the Associated policy. Since it appears that Mr. Lloyd received a direct benefit from the sale of the Union Bankers policy to Ms. Jackson, an issue arises as to whether Mr. Lloyd's prior dealings with the plaintiff gave him the idea and opportunity to direct Mr. Kirkendoll to sell to her.

---

[1] The evidence indicates that Mr. Lloyd was not entitled to override commissions when the policy was originally sold. The override commissions at that time went instead to Ann B. Lloyd, Benjamin Lloyd's wife. Six months after Ms. Jackson bought her policy, Ms. Lloyd assigned all of her override commissions to Mr. Lloyd. *See Id.*

In support of its argument that Mr. Lloyd sold the Associated policy, the plaintiff submits what she contends is the first page of the Associated policy at issue which bares Mr. Lloyd's signature. *See Motion to Remand* at Exhibit A. However, on its face, the document shows that it is not a Medicare supplement policy but is in fact a "Hospital Confinement Policy."[2] According to the defendants, "Associated Doctors' records reflect that this policy was issued to Ms. Jackson on March 3, 1993 and was sold by licensed agent Billy C. Kirkendoll." *Affidavit of Lynn Kent* at 2. The plaintiff's only response to this evidence is that she should be allowed to conduct limited discovery on the issue of Mr. Lloyd's involvement with the Associated policy.

The court is satisfied that there is at least some connection between Life of Georgia and Union Bankers to each other and the other defendants. While it may be true that neither company shares officers, directors, or profits, the record indicates that Mr. Lloyd and Mr. Kirkendoll had some impact on each of the transactions at issue in this case. Accordingly, the court is not prepared, at this early stage, to say that there is not a sufficient connection between the two companies and the other defendants to support a conspiracy claim. Since the same causes of action are raised against each defendant, the same questions of law will arise as to all the companies. Accordingly, both parts of Rule 20(a) have been satisfied, and the motions to sever will be denied. There being an absence of

---

[2] Even if the actual policy contains such a signature, the defendants point out that Mr. Lloyd's signature is a facsimile and is only a countersigning. They contend that Alabama law requires that an out-of-state insurer have a policy countersigned by a licensed, resident Alabama agent. They insist that such a mark "does not mean that he sold the policy to Ms. Jackson." *Affidavit of Darryl L. Harris* at 1.

6

complete diversity, and no federal question, this court lacks jurisdiction over the action. Accordingly, the motion to remand will be granted.

Done, this  15th  of May, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE